# Supreme Court of Florida

_____

No. SC19-1377
_____

**INQUIRY CONCERNING A JUDGE NO. 18-572
RE: CINDY LEDERMAN, MARCIA CABALLERO, ROSA FIGAROLA,
TERESA POOLER, MAVEL RUIZ.**

March 26, 2020

PER CURIAM.

In this case, we review the findings, conclusions, and recommendations of

the Judicial Qualifications Commission (JQC) concerning Judge Cindy Lederman,

Judge Marcia Caballero, Judge Rosa Figarola, Judge Teresa Pooler, and Judge

Mavel Ruiz (the respondents). We further review the stipulation entered into

between the respondents and the JQC. We have jurisdiction. *See* art. V, § 12, Fla.

Const.

As we explain below, we approve the parties' stipulation that during a

competitive procurement process, the respondents improperly submitted a letter to

the Florida Department of Children and Families (DCF), encouraging DCF to

award a contract to a particular vendor. Moreover, we approve the JQC's finding

that this misconduct violated Canons 1, 2, and 4 of the Code of Judicial Conduct,

and we also approve the stipulated discipline of a written reprimand via publication of this written opinion.

## FACTS AND PROCEDURAL BACKGROUND

In March 2018, DCF initiated a competitive procurement process to award a contract to become the "Lead Agency for Community-Based Care for the Southern Region of Florida-Dade and Monroe Counties."  The lead agency contract was potentially worth more than $500 million over a five-year period beginning in July 2019.

During the process, also known as an "invitation to negotiate," two non-profit corporations submitted proposals to DCF: Our Kids of Miami-Dade and Monroe, Inc. (Our Kids), and Citrus Health Network.  Our Kids previously held the lead agency contract with DCF and served as the lead agency over the preceding several years.

In September 2018, Judge Lederman drafted language for a letter that she intended to send to DCF, advocating for the selection of Our Kids as the lead agency.  She emailed the language to multiple recipients, including the respondents, seeking additional signatories for the letter.  After initially receiving a few responses of intent to co-sign the letter, Judge Lederman emailed the recipients twice more, attempting to garner more support.

Ultimately, a letter dated September 18, 2018, written on Judge Lederman's judicial letterhead and signed by the respondents, was sent to the interim director of DCF and the managing director of the southern region of DCF. The letter endorsed Our Kids and concluded with the following pointed statement: "We have worked with Our Kids and we have complete faith only in the Our Kids model of leadership. When you select the agency please keep our voices in mind."

In February 2019, the letter was mentioned in a local newspaper article entitled "Alleged conflicts of interest roil $500 million child welfare fight." DCF terminated the competitive procurement process that began in March 2018 and restarted the process in early 2019; however, there was no evidence that the respondents' letter affected DCF's decision to do so. Again, Our Kids and Citrus Health Network were the only two competitors. In April 2019, DCF awarded the lead agency contract to Citrus Health Network.

## JQC FINDINGS

After it became aware of the respondents' letter, pursuant to the Florida Judicial Qualifications Commission Rules, the JQC Investigative Panel served a notice of investigation on the respondents and subsequently conducted an investigative hearing in March 2019. In May 2019, the JQC Investigative Panel met and determined that probable cause existed for the filing of formal charges against each respondent for violating Canons 1, 2, and 4 of the Florida Code of

Judicial Conduct, and it served a notice of formal charges on the respondents in

August 2019.[1]  The JQC and the respondents subsequently entered into a

_____

1.  Canon 1 states:

> An independent and honorable judiciary is indispensable to justice in our society.  A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary may be preserved.  The provisions of this Code should be construed and applied to further that objective.

Canon 2A states: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

Canon 2B states:

> A judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment.  A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge.  A judge shall not testify voluntarily as a character witness.

Canon 4A(1) states: "A judge shall conduct all of the judge's quasi-judicial activities so that they do not cast reasonable doubt on the judge's capacity to act impartially as a judge."

Canon 4A(2) states: "A judge shall conduct all of the judge's quasi-judicial activities so that they do not undermine the judge's independence, integrity, or impartiality."

Canon 4A(5) states: "A judge shall conduct all of the judge's quasi-judicial activities so that they do not lead to frequent disqualification of the judge."

Canon 4A(6) states: "A judge shall conduct all of the judge's quasi-judicial activities so that they do not appear to a reasonable person to be coercive."

- 4 -

stipulation wherein the respondents admitted their wrongdoing and agreed that the alleged violations of the Canons were demonstrated by clear and convincing evidence. The JQC and the respondents further stipulated to the recommended discipline in the form of a written public reprimand by publication of an opinion.

**ANALYSIS**

This Court is empowered to accept, modify, or reject the JQC's recommendations and "order that the . . . judge be subjected to appropriate discipline." Art. V, § 12(c)(1), Fla. Const. "[T]he object of disciplinary proceedings is not for the purpose of inflicting punishment, but rather to gauge a judge's fitness to serve as an impartial judicial officer." *In re McMillan*, 797 So. 2d 560, 571 (Fla. 2001).

We agree with the JQC's findings of fact and generally agree with the stipulated discipline. Each respondent fully cooperated with the JQC. Each respondent took responsibility for the misconduct and acknowledged that it should not have happened. The respondents' letter was not intended to promote the financial interests of themselves or others. Moreover, each respondent has an otherwise unblemished disciplinary history.

Thus, we agree with the stipulated discipline of reprimand by publication of this written opinion. We emphasize though, with respect to Judge Lederman's distinct role in generating the letter and recruiting other judges to support it, this

Court has consistently held that such misconduct warrants a public reprimand. However, in light of Judge Lederman's retirement, this Court approves the stipulated discipline of a written reprimand.

## CONCLUSION

The JQC's findings are supported by clear and convincing evidence. We approve the stipulated discipline for Judge Cindy Lederman, Judge Marcia Caballero, Judge Rosa Figarola, Judge Teresa Pooler, and Judge Mavel Ruiz.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Judicial Qualifications Commission

Judge Krista Marx, Chair, Blan L. Teagle, Executive Director, and Alexander J. Williams, General Counsel, Tallahassee, Florida,

for Florida Judicial Qualifications Commission, Petitioners

James C. Blecke of The Haggard Law Firm, Coral Gables, Florida,

for Judge Cindy Lederman, Respondent

David Rothman of Rothman & Associates, P.A., Miami, Florida,

for Judge Rosa Figarola, Respondent

Joseph DeMaria of Fox Rothschild LLP, Miami, Florida,

for Judge Marcia Caballero, Respondent

Andrew Berman of Young, Berman, Karpf, & Gonzalez, P.A., Miami, Florida,

for Judge Teresa Pooler, Respondent

Brian Tannebaum of Tannebaum Law, Miami, Florida,

for Judge Mavel Ruiz, Respondent